**DENIED and Opinion Filed April 9, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-24-00188-CV**

**IN RE RENE KING, Relator**

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-2071454**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Breedlove
Opinion by Chief Justice Burns

Before the Court is relator's February 21, 2024 petition for writ of mandamus wherein he asks this Court to compel the trial court to dismiss some or all of the proceedings in Cause No. F-2071454.

Relator's status as an inmate does not relieve him of his duty to comply with the rules of appellate procedure. *In re Skinner*, No. 05-23-00930-CV, 2023 WL 6618295, at *1 (Tex. App.—Dallas Oct. 11, 2023, orig. proceeding) (mem. op.). Upon review of relator's petition, relator fails to meet some of the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. *See In re Backusy*, No. 05-23-00674-CV, 2023 WL 4540278, at *1 (Tex. App.—Dallas

July 14, 2023, orig. proceeding) (mem. op.); *see also* TEX. R. APP. P. 52.1, 52.3(a)–(d), 52.3(f)–(k), 52.7(a).

For example, it is relator's burden to provide the Court with a sufficient record to show his entitlement to mandamus relief. *Skinner*, 2023 WL 6618295, at \*1; *see also* TEX. R. APP. P. 52.3(k)(1)(A) (requiring a relator to file "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"); TEX. R. APP. P. 52.7(a)(1) (requiring a relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Although relator filed two documents with this petition, neither is a sworn or certified copy as required by the rules.

Relator also failed to certify he has reviewed the petition and concluded that every factual statement is supported by competent evidence included in the appendix or record. TEX. R. APP. P. 52.3(j). Without a certified petition and authenticated record, relator has failed to carry his burden to provide a sufficient record. *See In re Skinner*, No. 05-23-01077-CV, 2023 WL 8230683, at \*1 (Tex. App.—Dallas Nov. 28, 2023, orig. proceeding) (mem. op.).

Further, relator's petition lacks a statement of facts supported by citations to competent evidence included in an appendix or record, and it does not include a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." TEX. R. APP. P. 52.3(g), (h). The petition is also missing the following: a list identifying the parties and counsel, a table of

contents, an index of authorities, a statement of the case, and a statement of the issues presented. TEX. R. APP. P. 52.3(a)–(c), (d)(1)–(3), (f).

Accordingly, we deny relator's petition for writ of mandamus.

/Robert D. Burns, III/
ROBERT D. BURNS, III
240188F.P05                         CHIEF JUSTICE